1  LAURA E. FANNON (SBN 111500)
   KELLY, HERLIHY & KLEIN LLP
2  44 Montgomery Street, Suite 2500
   San Francisco, California 94104-4217
3  Telephone: (415) 951-0535
   Facsimile: (415) 391-7808
4
   Attorneys for Defendant
5  GOOD SAMARITAN HEALTH SYSTEM
   LONG TERM DISABILITY PLAN
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CANDIDA VALLEJO, | CASE NO. C06 4358 MHP |
| Plaintiff, | |
| vs. | STIPULATION TO *DE NOVO* STANDARD OF REVIEW; REQUEST FOR REFERRAL TO ADR UNIT FOR MEDIATION; ~~PROPOS~~ED ORDER |
| GOOD SAMARITAN HEALTH SYSTEM'S LONG TERM DISABILITY PLAN, | |
| Defendant. | Hon. Marilyn Hall Patel |

11/16/2006  17:32  6630639                  FRICKER                          PAGE  02
                                           Nov 16 2006  16:45      P.03

1       Pursuant to this Court's Order following the Case Management Conference on
2  November 16, 2006, plaintiff Candida Vallejo and defendant Good Samaritan Health System Long
3  Term Disability Plan ("the Plan"), by and through their respective counsel, hereby stipulate and agree
4  as follows:
5       1.   Based upon the present state of Ninth Circuit law defining what constitutes
6  "discretionary language" (see *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111, 103 L.Ed.2d
7  80, 109 S.Ct. 948 (1989)) in group disability insurance policies governed by the Employee
8  Retirement Income Security Act of 1974, as amended, 29 U.S.C. section 1001, et seq., the Plan
9  agrees that the standard of review by this Court of the claim decision by the Plan's claim
10 administrator must be *de novo*. The Plan reserves the right to revisit this issue should the Ninth
11 Circuit hold, before the deadline for filing dispositive motions in this action, that the language
12 contained in the policy sued upon herein is sufficient to trigger discretionary review. Further, the
13 parties agree that this stipulation shall not be admissible in any other action and shall not be
14 considered a pleading admission.
15      2.   The parties previously stipulated to participate in court-sponsored Mediation.
16 The parties hereby request that the Court refer this matter to the ADR Unit at this time to initiate the
17 ADR process.

                                        FRICKER & MELLEN & ASSOCIATES

Dated: November 16, 2006               By _____
                                          Timothy J. Fricker
                                          Attorneys for Plaintiff
                                          CANDIDA VALLEJO


                                        KELLY, HERLIHY, & KLEIN LLP


Dated: November ___, 2006              By _____
                                          Laura E. Fannon
                                          Attorneys for Defendant
                                          GOOD SAMARITAN HEALTH SYSTEM
                                          LONG TERM DISABILITY PLAN

- 1 -

    Pursuant to this Court's Order following the Case Management Conference on November 16, 2006, plaintiff Candida Vallejo and defendant Good Samaritan Health System Long Term Disability Plan ("the Plan"), by and through their respective counsel, hereby stipulate and agree as follows:

    1. Based upon the present state of Ninth Circuit law defining what constitutes "discretionary language" (see *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111, 103 L.Ed.2d 80, 109 S.Ct. 948 (1989)) in group disability insurance policies governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. section 1001, et seq., the Plan agrees that the standard of review by this Court of the claim decision by the Plan's claim administrator must be *de novo*. The Plan reserves the right to revisit this issue should the Ninth Circuit hold, before the deadline for filing dispositive motions in this action, that the language contained in the policy sued upon herein is sufficient to trigger discretionary review. Further, the parties agree that this stipulation shall not be admissible in any other action and shall not be considered a pleading admission.

    2. The parties previously stipulated to participate in court-sponsored Mediation. The parties hereby request that the Court refer this matter to the ADR Unit at this time to initiate the ADR process.

FRICKER & MELLEN & ASSOCIATES

Dated: November ___, 2006  By _____
             Timothy J. Fricker
             Attorneys for Plaintiff
             CANDIDA VALLEJO

KELLY, HERLIHY, & KLEIN LLP

Dated: November 16, 2006  By *[signature]*
             Laura E. Fannon
             Attorneys for Defendant
             GOOD SAMARITAN HEALTH SYSTEM
             LONG TERM DISABILITY PLAN

- 1 -

## ORDER

Based upon the stipulation of the parties:

1. The standard of review in this matter shall be *de novo*, subject to the provisions of paragraph 1 of the foregoing stipulation;

2. This matter is hereby referred to the ADR Unit *for assignment to court-annexed mediation*.

IT IS SO ORDERED.

Dated: 11/24/06

*[signature]*
MARILYN HALL PATEL, Judge
UNITED STATES DISTRICT COURT

E:\26260\p03

- 2 -